

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 13 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL IVY and
MICHELE IVY                                                              PLAINTIFFS

VERSUS                                          NUMBER 3:17-cv-164 DPJ-FKB

CITY OF MAGEE, MISSISSIPPI; JOEY WOMACK;
WILLIAM DOUGLAS, RANDY CRAWFORD;
MATT SULLIVAN; WAL-MART STORES, INC.;
And JOHN DOES I-V                                                        DEFENDANTS

COMPLAINT

This is a civil action to recover actual compensatory and punitive damages for the

defendants' violations of the plaintiffs' rights to be free from unconstitutional searches and

seizures as well as various state-law claims. The following averments support this civil action:

PARTIES

1. The Plaintiffs, Michael and Michele Ivy, are adult residents of Terry, Mississippi.

2. The Defendant, City of Magee, Mississippi, is a political subdivision of the State of

Mississippi. It may be served with process by service upon Twylla Grant, municipal clerk, 123 Main

St., Magee, Mississippi 39111.

3. The Defendant, Joey Womack, in his individual and official capacity, is a lieutenant

police officer employed by the City of Magee. He may be served with process by served upon him

at 124 1st St. NE, Magee, MS 39111.

4. The Defendant, William Douglas, in his individual and official capacity, is a police

officer employed by the City of Magee. He may be served with process by service upon him at 124

1st St. NE, Magee, MS 39111.

1

5. The Defendant, Randy Crawford, in his individual and official capacity, is the chief of police for the City of Magee, Mississippi. He may be served with process by service upon him at 124 1st St. NE, Magee, MS 39111.

6. The Defendant, Matt Sullivan, in his individual and official capacity, is a police officer and/or booking officer for the City of Magee, Mississippi. He may be served with process by service upon him at 124 1st St. NE, Magee, MS 39111.

7. The Defendant, Wal-Mart Stores, Inc., is a Delaware corporation. It may be served with process by service upon CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

8. John does I – V, in their individual and official capacities, are unknown police officers and jailers employed by City of Magee, Mississippi. They may be served with process by service upon them at 124 1st St. NE, Magee, MS 39111.

JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction of the civil action pursuant to 28 USC § 1331 (federal question), 28 USC § 1343 (a) (3) (civil rights), and 28 USC § 1367 (a) (supplemental jurisdiction).

10. Venue is proper in the Southern District of Mississippi, pursuant to 28 USC § 1391, since the defendants reside in this jurisdiction, and a substantial part of the events and omissions giving rise to the claim occurred in this judicial district

CAUSE OF ACTION

11. On March 31, 2016, the Ivys patronized the Magee Wal-Mart. Mr. Ivy attempted to buy gift cards with his lawfully issued and authorized credit card.

2

12. Upon information and belief, a Wal-Mart employee called the Magee Police Department to report a stolen credit card being used by Mr. Ivy.

13. While at the check-out counter, Mr. Ivy was surrounded by approximately 6-8 uniformed and plain-clothed police officers and questioned about possible stolen credit cards.

14. Mr. Ivy produced his valid state issued driver's license, his identification as an Investigator with the Jackson State University Police Department and the credit cards he had in his possession, all of which list him as the authorized cardholder. Mrs. Ivy was in the restroom when the initial confrontation with the Magee police officers commenced.

15. Despite apparently doing no further investigation to determine the status of the credit cards, Lt. Womack of the Magee Police Department handcuffed and arrested Mr. Ivy in the front section of the Wal-Mart.

16. Upon returning from the restroom, Mrs. Ivy was also arrested and brought to the Magee Police Department by Officer Douglas. Mr. Ivy was transported to the Magee Police Department in a separate vehicle. The Ivys' vehicle was towed from the Wal-Mart to the Magee Police Department.

17. Upon arrival at the police department, Mr. Ivy was booked into the city jail. He was strip-searched and issued an orange jumpsuit. He was handed over to a jail trustee, who had become aware Mr. Ivy was a police officer, and announced to the other inmates in the jail that "we have a police officer back here." Eliciting exciting yelling from the other inmates.

18. Lt. Womack and another Magee police officer advised Mrs. Ivy of her *Miranda* rights and began to question her about her activities at the Magee Wal-Mart. Mrs. Ivy, an insulin

3

controlled diabetic, communicated her distress of having her medication and insulin needles removed from her possession.

19. During the course of the interrogation Mrs. Ivy was threatened to be held for 72-hours without outside contact. She was additionally informed that a "hold" had been placed on her by the Brookhaven Police Department, which would preclude her from bonding out of jail. This intensified Mrs. Ivy's mental distress as she and her husband are the sole care-takers of multiple pets.

20. After the passing of a few hours, U.S. Secret Service Agent Scott Frazier was summoned by the Magee Police Department. Upon his arrival he questioned Mr. Ivy about his credit card use. He noted all the suspected credit cards were in Mr. Ivy's name and there was no evidence of any of the cards being stolen. After his interview, Agent Frazier stated, "what am I doing here?" strongly implying he saw no evidence of any crime.

21. At some point during his unlawful detention, Lt. Womack called Mr. Ivy's employer, the Jackson State University Police Department and spoke to the Chief of Police. Upon information and belief, Lt. Womack informed the Chief of Police that Mr. Ivy had been arrested for using a stolen credit card, despite having no evidence a stolen credit card was ever used or in Mr. Ivy's possession.

22. After having their car illegally searched at the Magee Police Department, the Ivys were released from custody with no charges being filed. The Ivys were informed they would not be charged for the towing of their vehicle.

4

23. Per the Mage Police Department police report made relating to this incident, no officer was ever able to get in contact with Wells Fargo, the issuer of the credit cards, to determine if the cards were stolen.

CLAIM 1 (Illegal Arrest – City of Magee)

24. The defendant City of Magee had in place, at all relevant times to the civil action, an unconstitutional policy, practice, custom or usage which authorized and mandated the arrest of persons with evidence not meeting the standard of probable cause.

25. As a direct and proximate result of the City of Magee's violation of the Ivys' constitutional rights, the Ivys suffered injury to their person and property.

CLAIM 2 (Illegal Arrest – Randy Crawford)

26. The defendant Randy Crawford, acting under color of law at all times relevant to the civil action, is liable to the Ivys for implementing an unconstitutional arrest policy

27. As a direct and proximate cause of defendant's violation of the Ivys' constitutional rights, the Ivys suffered injury to their person and property.

CLAIM 3 (Illegal Arrest, Search and Seizure – Womack and Douglas)

28. The defendants Womack and Douglas, acting under color of law at all times relevant to the civil action, are liable to the Ivys for seizing their persons without probable cause of criminal activity, and seizing and searching the Ivys' vehicle without probable cause.

29. As a direct and proximate cause of defendant's violation of the Ivys' constitutional rights, the Ivys suffered injury to their person and property.

5

CLAIM 4 (Illegal Strip Search – Sullivan)

30. The defendant Sullivan, acting under color of law at all times relevant to the civil action, are liable to Mr. Ivys for unreasonably conducting a strip search.

31. As a direct and proximate cause of defendant's violation of Mr. Ivy's constitutional rights, he suffered injury to their person and property.

CLAIM 5 (Defamation – Womack)

32. The defendant Womack made a false statement that had the capacity to injure Mr. Ivy's reputation. The statement was an unprivileged communication to a third party made with at least negligence. The communication was actionable *per se* due to the content of the statement.

33. As a direct and proximate cause of defendant's defamatory statements, Mr. Ivy suffered injury to their person and property.

CLAIM 6 (Defamation – Wal-Mart)

34. The defendant Wal-Mart, through its employees and in furtherance of corporate interests, called the Magee Police Department to report the Ivys were suspected of criminal activities.

35. At the time the statement was made, Wal-Mart knew or should have known the statements to be false and that the statements would result in injury to the reputation of the Ivys and impede any chance for advancement in Mr. Ivy's law enforcement career.

36. As a direct and proximate cause of defendant's defamatory statements, Mr. Ivy suffered injury to their person and property, including the deprivation of liberty.

6

CLAIM 7 (False Arrest – Wal-Mart)

37. The defendant Wal-Mart, through its employees and in furtherance of corporate interests, caused the Ivys to be arrested falsely, unlawfully, maliciously and without probable cause.

38. As a direct and proximate cause of defendant's defamatory statements, the Ivys suffered injury to their person and property, including the deprivation of liberty.

CLAIM 8 (Intention and Negligent Infliction of Emotional Distress – All Defendants)

39. The defendants, acting individually and through its employees, acted willfully, wantonly and/or negligently towards the Ivys by relaying false information to the Magee Police Department, by arresting the Ivys without probable cause, by slandering Mr. Ivy to his employer, by strip-searching Mr. Ivy without reasonable justification and for all other actions stated herein. This action evokes outrage or revulsion in a civilized society. The actions taken by defendants were directed at or intended to cause harm to the Ivys. The Ivys suffered severe emotional distress as a direct result of the acts of the defendant. The acts of defendants caused reasonably foreseeable damage to the Ivys.

40. As a direct and proximate cause of defendant's actions, the Ivys suffered injury to their person and property, including the deprivation of liberty.

PRAYER

The Ivys pray for the following relief:

1. Actual damages in an amount to be determined by the trier of fact;

2. Compensatory damage for emotional distress, suffering, inconvenience, mental anguish, humiliation, shame, loss of the steam, fear, embarrassment, medical and

counseling expenses, and injury to reputation and professional standing which the Ivys have suffered or may suffer in the future;

3. Punitive damages;

4. Reasonable attorney's fees;

5. Reasonable costs; and

6. General relief.

RESPECTFULLY SUBMITTED, this the _10_ day of __March__, 2017.

Andrew McCullough
Attorney for the Ivys

Andrew G. McCullough, MSB #100424
MCCULLOUGH LAW FIRM, PLLC
PO Box 1833
Madison, MS 39130
Ph. 601-941-3436
Fax. 601-301-3842
andy@jacksonmslaw.com

8